FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 19 2004

JAMES W. McCORMACK, CLERK
By:_____
　　　　　　　DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RICKY SMITH                                                                PLAINTIFF

VS.        CASE NO. 5:04 CV 0100 JMM

BOE FONTAINE, And In His Official Capacity
as Sheriff of Jefferson County, Arkansas,          This case assigned to District Judge _Moody_
BILL LINDSAY, In His Official Capacity,            and to Magistrate Judge _Ray_
KENNETH SLOCUMB, In His Official Capacity
and STEVE MCFATRIDGE, In His Official Capacity                        DEFENDANTS

## COMPLAINT

Comes now the Plaintiff, Ricky Smith, pro se, and as for his Complaint against the Defendants, states and alleges as follows:

### INTRODUCTION

This is an action brought under 42 U.S.C. Section 1983; 28 U.S.C. Section 2201 and 2202; and for the pendant state tort claims of false arrest and imprisonment, malicious prosecution, and outrage. Plaintiff seeks redress against named Defendant, Boe Fontaine, individually, and in his official capacity as Sheriff of Jefferson County, Arkansas, and as the policy maker for the Jefferson County Sheriff's Department, and for his failure to adequately train and supervise Officers Steve McFatridge, Bill Lindsay and Kenneth Slocumb, and for creating and supporting customs and policies resulting in indifference to the rights of citizens, and for acts and omissions by such officers which were deliberately indifferent to Plaintiff's constitutional rights to life, liberty and privacy, amounting to a deprivation thereof, and deputies Steve McFatridge, Kenneth Slocumb and Bill Lindsay in their official capacities as deputies of the Jefferson County Sheriff Department, and for acts and omissions by such officers which were deliberately indifferent to Plaintiff's constitutional rights to life, liberty and privacy, amounting to a deprivation thereof.

### JURISDICTION

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1343, and 42 U.S.C.

Section 1983, to redress violations of Plaintiff's constitutional rights guaranteed by the 4th and 14th Amendments to the United States Constitution; and 28 U.S.C. Section 2201 and 2202 for declaratory judgment and injunctive relief. Additionally, pursuant to its plenary power, this Court has jurisdiction over the pendant state tort claims of false arrest, false imprisonment and malicious prosecution and outrage.

## PARTIES

1. Plaintiff, Ricky Smith, is a citizen of the United States and a resident of Pine Bluff, Jefferson County, Arkansas.

2. At the time of the acts complained of herein, Ricky Smith, was arrested by Officers Steve McFatridge, Bill Lindsay and Kenneth Slocumb were acting at all times relevant hereto in their official capacity under the color of authority, as officers of the Jefferson County Sheriff Department and who held Plaintiff in the custody of the Jefferson County Detention Center.

3. Separate Defendant, Boe Fontaine is the legally constituted County Sheriff of Jefferson County, Arkansas, functioned in that capacity at all times relevant hereto. Sheriff Fontaine is and was the chief policy maker for the Jefferson County Sheriff Department, and on behalf of Jefferson County.

## FACTS

4. Plaintiff was arrested by the Jefferson County Sheriff Department on March 20, 2003 and charged with First Degree Murder and initially incarcerated in the Jefferson County Detention Center.

5. At the time of his arrest investigating officers had no physical evidence linking Plaintiff to the alleged crime and no alleged eye witnesses, and that no probable cause existed for the Plaintiff's arrest.

6. Investigating officers apparently were negligent solely on the statements of two persons each having habitual criminal records with multiple felony convictions, and each having

previously been incarcerated in prison.

7. That the statements provided by such two witnesses were contradictory implausible and inconsistent with the known physical evidence.

8. That even after witnesses changed or recanted prior statements and the Jefferson County Sheriff's Office continued to incarcerate and prosecute the Plaintiff.

9. That Plaintiff voluntarily consented to give hair, blood and saliva samples for comparison test by the state crime lab, all such comparison tests being negative or excluding the Plaintiff as having been in contact with evidence being tested.

10. That the Jefferson County Sheriff Department conducted a search of Plaintiff's truck, conducted a forensic examination of such vehicle and made photographs and plaster cast the tires for comparison to the tracts found at the scene where the body was discovered, and all such evidence sent to the state crime lab, and all such comparison test and forensic test results were negative.

11. After being made aware of all such comparison and forensic test results the Jefferson County Sheriff Department continued to incarcerate the Plaintiff and proceed with his prosecution.

12. That Plaintiff was incarcerated from March 20, 2003 through August 8, 2003 at which time he was released from incarceration in the Jefferson County Jail, but still not set at liberty.

13. That Plaintiff was then placed on a home detention and electronic monitoring and his movement being restricted to his home while wearing an electronic ankle bracelet until October 25, 2003.

14. The Jefferson County Sheriff Department at no time prior to or after Plaintiff's arrest developed any credible evidence to link Plaintiff to the alleged crime and Plaintiff gave the investigation officers a full statement of his whereabouts, movements and activities on the

date of the alleged murder, and the Jefferson County Sheriff Department developed no evidence inconsistent with Plaintiff's statement.

15. That while Plaintiff was incarcerated he was denied adequate or proper medical care for ailments of high blood pressure and diabetes, and his health deteriorated during the months of incarceration resulting in the loss of the big toe and Plaintiff's right foot.

16. That on October 25, 2003 the state dropped the criminal charges against Plaintiff for lack of sufficient evidence to proceed to trial.

17. That the Jefferson County Sheriff Department knew or should have known prior to the Plaintiff's arrest and incarceration that there was not sufficient evidence to sustain a criminal conviction.

18. That after most or all evidence known to the Jefferson County Sheriff Department had been obtained, investigating officers Slocumb, Lindsay and McFatridge knew or should have known that there was no credible evidence linking the Plaintiff to the alleged murder but continued to insist on denial of Plaintiff's liberty and continued with the prosecution against him.

19. That as a result of his loss of liberty the Plaintiff was unable to work in his self-employed business and sustained substantial loss wages.

## FEDERAL CIVIL RIGHTS VIOLATIONS
## UNDER 42 U.S.C. SECTION 1983

20. The above recited acts and omissions of Defendants, while each was acting under color of authority and in their official capacities, respectively constitute a deprivation of Plaintiff's constitutional right to life, liberty and privacy as guaranteed by the 14th Amendment to the United States Constitution. Such acts of Defendants while acting within the color of their authority are sufficient to invoke an action under 42 U.S.C. Section 1983 against them for which Plaintiff seeks damages as set forth infra.

21. That Defendants filed criminal charges and prosecuted the Plaintiff in the

Jefferson County Circuit Court, Case No. CR-2003-305-2, when Defendants knew or should have known that such charges were false and without merit and when Defendants know or should have known that Plaintiff committed no criminal offenses and that such charges were without merit and prosecution of such charges in the Circuit Court of Jefferson County constitutes the offense of malicious prosecution.

22. That Plaintiff was held under arrest and incarcerated from March 20, 2003 until August 8, 2003 on $500,000.00 bond which he could not afford and which was excessive when Defendants knew or should have known that there was no evidence to support or sustain a criminal conviction and when all existing physical evidence was exculpatory.

23. That the acts and omissions of Defendants also constitute the tort of outrage and such acts are shocking to the conscious of general public.

## DECLARATORY JUDGMENT AND INJUNCTION UNDER 28 U.S.C. SECTIONS 2201 AND 2202

24. Plaintiff specifically adopts by reference the allegations contained in paragraphs one (1) through twenty-three (23), supra.

25. The intentional and unnecessary acts of false imprisonment and omissions complained of herein constitute the tort of malicious prosecution, pursuant to Arkansas law for which Plaintiff seeks damages from Defendants as set forth, infra.

26. The aforesaid acts constitute the tort of outrage pursuant to Arkansas law, in that the acts were willful, wanton and committed with reckless disregard of the natural and foreseeable consequences of such acts. Such conduct was extreme and outrageous to such a degree as to go beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized society. As a natural and foreseeable result of said acts of Defendants, Plaintiff has suffered severe emotional distress. For these acts Plaintiff seeks damages as set forth, infra.

27. The acts and customs and policies of Sheriff Fontaine and Officers Steve

McFatridge, Bill Lindsay and Kenneth Slocumb as set forth in the preceding paragraphs were willful, wanton and committed in reckless disregard of the natural consequences, evidencing a deliberate indifference to the constitutional rights of the Plaintiff and other citizens. Said acts, customs and policies proximately caused Plaintiff to be subjected to the misconduct of such officers, as complained of herein, resulting in injury therefrom. For such customs, policies and procedures which resulted in deliberate indifference to Plaintiff's rights and injury therefrom, Plaintiff seeks damages as set forth, infra.

## DAMAGES

28. For the acts, omissions, customs and policies complained of herein, Plaintiff seeks the following relief:

1. Damages for violation of his constitutional rights;

2. Damages for the intentional acts of false arrest and false imprisonment, malicious prosecution, outrage, denial of medical attention;

3. Damages for emotional distress, past and future;

4. Damages for pain, suffering, past and future;

5. For permanent physical injury, past and future;

6. Punitive damages;

7. Damages for loss wages and loss of earning capacities, past and future; and

8. Reasonable attorney's fees and costs.

All to be determined by a jury.

WHEREFORE, Plaintiff, Ricky Smith, requests a judgment against Defendants, jointly and severally, for violation of his constitutional rights, and for the pendant state tort claims of false arrest and imprisonment, denial of medical care, outrage and malicious prosecution; for a declaratory judgment and injunction prohibiting the acts complained of herein; for reasonable attorney's fees and costs; for punitive damages; and for all other just and proper relief in the

premises.

    PLAINTIFF DEMANDS A JURY TRIAL.

BY: _/s/ Ricky Y. Smith_
RICKY SMITH
7501 Camden Cutoff
Pine Bluff, AR 71602

## VERIFICATION

STATE OF ARKANSAS )
)SS
COUNTY OF JEFFERSON )

Comes Ricky Smith, of lawful age, being first duly sworn on his oath says as follows:

That he is the Plaintiff in the above entitled action, and that he has read the contents of the foregoing pleadings, and that the contents therein contained are true, as affiant knows, is informed or believes.

_____
RICKY SMITH

SUBSCRIBED AND SWORN to before me, a Notary Public, on this the _19th_ day of _March_, 2004.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:
_12/18/12_