IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**RICKY SMITH**                                                                                          **PLAINTIFF**

**VS.**                                      **CASE NO. 5:04CV0100**

**INSLEY'S INC. a/k/a Jimmy's Wrecker**
**Service, a/k/a Insley's Towing**                                                **DEFENDANT**

## ORDER

Pending before the Court is Plaintiff's application for attorney's fees and costs (Docket # 204) to which Defendant has responded and Plaintiff has filed a reply.

Plaintiff's original complaint, filed *pro se*, sought recovery from officials with the Jefferson County Sheriff's Department alleging civil rights violations and tort claims. Plaintiff filed an amended complaint adding Defendants Correctional Medical Services and Insley's Inc., a/k/a Jimmy's Wrecker Service a/k/a Insley's Towing ("Insley's") on February 22, 2005. Following discovery, Plaintiff voluntarily dismissed the county defendants. The Court granted Defendant Insley's Motion for Summary Judgment on July 20, 2006 and Defendant Correctional Medical Services' Motion for Summary Judgment on August 7, 2006. Plaintiff appealed from the adverse grant of summary judgment in favor of Insley's. On August 22, 2007 the Eighth Circuit Court of Appeals entered an Order reversing the entry of summary judgment as to the Plaintiff's civil rights and conversion claims against Insley's. The reinstated claims were scheduled for trial, but after settlement conference, the parties reached an agreement whereby Insley's would pay Plaintiff $2,250.00; Plaintiff would be deemed the "prevailing party"; and Plaintiff's counsel would file a motion for attorney's fees and costs seeking recovery for no more

than 112 hours of work.

Plaintiff asks for attorneys' fees of $28,750.00 and costs in the amount of $5,417.11. The billing record that accompanied Plaintiff's motion reflects time of 321 hours spent on the case, however, Plaintiff requests compensation for 115 hours at an hourly rate of $250.00.

Defendant objects to the Plaintiff's fee request on numerous grounds, including Plaintiff's untimely filing and limited success. The Court finds that the delay in filing the motion for attorney's fees provides no basis for a complete denial of the request.

Title 42 U.S.C. § 1988 provides that in federal civil rights actions "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." In cases such as this one, the thrust of the fee award is the "lodestar" determination- the number of hours reasonably expended multiplied by the applicable hourly market rate for legal services. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In making the lodestar determination, the Court also considered the twelve factors approved in *Ladies Center, Nebraska, Inc. v. Thone*, 645 F.2d 645 (8th Cir. 1981)(adopting guidelines set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)):

    a.    time and labor required;
    b.    novelty and difficulty of the questions;
    c.    skill requisite to perform the legal service properly;
    d.    preclusion of other employment, due to acceptance of case;
    e.    the customary fee;
    f.    whether the fee is fixed or contingent;
    g.    time limitations imposed by the client or the circumstances;
    h.    the amount involved and the results obtained;
    i.    the experience, reputation, and ability of the attorneys;
    j.    the undesirability of the case;
    k.    the nature and length of the professional relationship with the client;

l.	awards in similar cases.

*Hensley,* 461 U.S. at 429-30.  In certain cases, the Court may further consider these twelve factors in determining whether to adjust the lodestar upward or downward to arrive at an appropriate fee.  *Id.*  "[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees. . . ." *Id.* at 440.

After considering the *Hensley* factors and the circumstances of this case, the Court finds it reasonable to award Plaintiff's attorney's fees for 50 hours of time at an hourly rate of $200.00. Accordingly, the Court awards a total attorney's fees of $10,000.00.

Plaintiff requests costs in the amount of $5,417.11 representing costs for depositions, service of process, copy costs, scanning costs and postage.  The Court will allow the filing fee associated with the appeal of this matter to the Eighth Circuit Court of Appeals in the amount of $455.00.  The Court finds the remaining costs and expenses incidental to normal preparation for trial.

In light of Plaintiff's recovery, the award of fees and costs in the amount of $10,455.00 seems adequate and is not intended as any criticism of the amount or quality of the efforts of Plaintiff's counsel.

IT IS THEREFORE ORDERED, after consideration of the application and briefs, that attorney's fees and costs in the amount of $10,455.00 be and is hereby awarded to Plaintiff.

Dated this 31st day of August, 2009.

_____
James M. Moody
United States District Judge